THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| NORTHWEST GROCERY ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>CITY OF BURIEN,<br><br>Defendant. | CASE NO. C21-0203-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's uncontested motion to dismiss. (Dkt. No. 14.) Having thoroughly considered Defendant's briefing and the relevant record, the Court hereby GRANTS Defendant's motion for the reasons explained herein.

I.  **BACKGROUND**

On February 8, 2021, the Burien City Council passed the Grocery Workers Hazard Pay Ordinance No. 757 ("Ordinance") in response to concerns over the health and welfare of grocery store employees during the COVID-19 pandemic. (Dkt. No. 1 at 15 *et seq.*)[1] The Ordinance mandates that covered grocery store employers in the City of Burien pay employees an

---

[1] Plaintiffs attached a copy of the Ordinance to their Complaint, (Dkt. No. 1 at 15–22), refer to it throughout, (*see, e.g.*, Dkt. No. 1 at 2, 6), and neither party has questioned its authenticity. Accordingly, the Court takes judicial notice of the Ordinance attached to the Complaint.

additional five dollars over the employees' hourly rate of pay as "hazard pay." Ordinance § 2. The Ordinance applies to grocery businesses that operate in Burien, have 250 or more employees worldwide, and are primarily engaged in retailing groceries for offsite consumption. Ordinance § 1(A). The Ordinance ceases to be effective when the Washington State of Emergency ends. Ordinance § 6. The Ordinance places no restrictions on employers' ability to reduce compensation in other ways.

On February 17, 2021, Plaintiffs Northwest Grocery Association and the Washington Food Industry Association brought this action against the City of Burien, seeking declaratory and injunctive relief against the enforcement of the Ordinance. (Dkt. No. 1 at 1–6.) Plaintiffs argue the Ordinance is invalid, alleging that it is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151–169, and that it violates the Equal Protection and Contracts Clauses of the federal and Washington constitutions. (Dkt. No. 1 at 3.) Defendant moves to dismiss for failure to state a claim. (Dkt. No. 14.) Plaintiffs did not respond to Defendant's motion.

Plaintiffs filed a nearly identical complaint on February 3, 2021 against the City of Seattle, which enacted a similar hazard pay ordinance. *N.W. Grocery Ass'n v. City of Seattle,* Case No. C21-0142-JCC, Dkt. No. 1 (W.D. Wash. 2021). This Court granted the City's motion to dismiss the complaint in that case on March 18, 2021, holding that Seattle's ordinance was not preempted by the NLRA and did not violate the Equal Protection and Contracts Clauses of the federal and state constitutions. *NW. Grocery Ass'n v. City of Seattle*, 2021 WL 1055994, slip op. at 8 (W.D. Wash. 2021). Plaintiffs' appeal of that order is still pending. *City of Seattle*, Case No. 21-35205, Dkt. No. 1 (9th Cir. 2021).

II.   **DISCUSSION**

    A.   **Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs did not respond to Defendant's motion to dismiss. Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Accordingly, the Court takes Plaintiffs' failure to respond to Defendant's motion as an admission that the motion has merit. The Court will briefly describe the arguments contained in Plaintiff's motion below.

### B. Subject Matter Jurisdiction

As an initial matter, Defendant asserts that Plaintiffs lack Article III standing and, therefore, this Court does not have subject matter jurisdiction. (Dkt. No. 14 at 13–15.)  To demonstrate Article III standing, a plaintiff must show that he or she "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth Inc. v. Laidlaw Env't. Serv., Inc.*, 528 U.S. 167, 181 (2000) (internal citation omitted). An organization has standing to bring suit on behalf of its members when (1) "its members would otherwise have standing to sue in their own right," (2) "the interests it seeks to protect are germane to the organization's purpose," and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1997).

In their complaint, Plaintiffs fail to specifically identify any of their members that have suffered or would suffer a concrete and particularized injury as a result of the Ordinance. (*See generally* Dkt. No. 1.) Defendant argues that the Court lacks subject matter jurisdiction based on Plaintiffs' failure to adequately plead standing. (Dkt. No. 14 at 15.) While this is, in fact, a basis to dismiss the complaint, the Court suspects that this infirmity could be cured through


amendment, so it will assume it has jurisdiction in this matter for the purposes of considering Defendant's remaining arguments. *See* 28 U.S.C. § 1653.

**C. Defendant's Rule 12(b)(6) Motion to Dismiss**

Defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiffs fail to state a claim for relief. (Dkt. No. 14 at 12.) Plaintiffs allege the Ordinance is invalid based on (1) NLRA preemption, (2) the Equal Protection Clause of the U.S. Constitution, (3) the Equal Protection Clause of the Washington Constitution, (4) the Contracts Clause of the U.S. Constitution, and (5) the Contracts Clause of the Washington Constitution. (Dkt. No. 1 at 7–12.) These are identical to the arguments Plaintiffs made in *City of Seattle*. *See* 2021 WL 1055994, slip op. at 2–8. Because the allegations in this case are materially similar to that case, the Court sees no reason to depart from its prior rulings on these same arguments.

1. <u>Ordinance Is Not Preempted by the National Labor Relations Act</u>

As in *City of Seattle*, Plaintiffs allege that the Ordinance is invalid because it is preempted by the NLRA. (Dkt. No. 1 at 7.) While the NLRA does not contain an express preemption provision, the Supreme Court has recognized two implicit preemption doctrines: *Garmon* preemption and *Machinists* preemption. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 963 (9th Cir. 2016). Plaintiffs rely on *Machinists* preemption, which prevents state and local regulation where "Congress intended that the conduct involved be unregulated because [it should be] left 'to be controlled by the free play of economic forces.'" *See Int'l Ass'n of Machinists v. Wis. Emp. Rels. Comm'n*, 427 U.S. 132, 140 (1976) (quoting *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 144 (1971)). However, the Supreme Court held that *Machinists* preemption does not preempt "minimum labor standards" which do not affect the process of collective bargaining, but rather set the minimum terms that form the backdrop of their bargaining process. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985). Such standards "affect union and nonunion employees equally, and neither encourage nor discourage the collective-bargaining processes that are the subject of the NLRA." *Id.* at 755. The

mere fact that a state law *affects*—and in effect, grants to employees—something for which they otherwise could have bargained, does not give rise to NLRA preemption. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987).

In *City of Seattle*, the Court rejected Plaintiffs' NLRA preemption claim because it concluded that the ordinance was a "minimum labor standard," which is not preempted by the NLRA. *See* 2021 WL 1055994, slip op. at 8. It arrived at that decision by determining that the law merely affected the mix of wage and non-wage benefits but did not prevent employees and employers from bargaining over other terms of compensation and did not encourage or discourage the collective bargaining process. *Id.* at 7–8. Plaintiffs do not meaningfully argue why the Court should reach a different conclusion here.[2] The Ordinance in this case is materially indistinguishable from the ordinance in *City of Seattle* since it merely sets a minimum threshold for compensation, applies equally to union and nonunion employees alike, and does not prevent employers and employees from negotiating over other elements of compensation. *See* Ordinance §§ 1–2.

Since this case presents materially similar facts to *City of Seattle* and Plaintiffs make no attempt to distinguish the two ordinances, the Court finds that the Ordinance is a "minimum labor standard" and not preempted by the NLRA. Therefore, Plaintiffs fails to state a claim for which relief can be granted based upon NLRA preemption.

> 2. <u>Equal Protection Claims are Subject to—and Survive—Rational Basis Review</u>

Plaintiffs also allege that the Ordinance violates the Equal Protection Clauses of the U.S. and Washington constitutions because it irrationally singles out their largest members for discriminatory treatment. (Dkt. No. 1 at 9.) The Equal Protection clause mandates that similarly situated persons be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Laws challenged on Equal Protection grounds are subject to one of three levels of scrutiny. *Tucson Woman's Clinic v.*

---

[2] In fact, by failing to respond to Defendant's motion to dismiss, Plaintiffs make *no* argument.

*Eden*, 379 F.3d 531, 543 (9th Cir. 2004). Laws that discriminate on the basis of a "suspect class" such as race or that "impact a fundamental right" are subject to strict scrutiny. *Id*. Intermediate scrutiny, which applies to laws discriminating on the basis of gender, is not at issue in this case. *Id*. All other laws are subject to rational basis review. *Id*. In *City of Seattle*, Plaintiffs argued that a law that impinges on the Contracts Clause impacts a "fundamental right" and therefore is subject to strict scrutiny. *See* 2021 WL 1055994, slip op. at 5. The Court rejected that argument and applied rational basis review. *Id*. Since the allegations in this case are materially indistinguishable and Plaintiffs make no arguments regarding the appropriate standard of review, the Court applies rational basis review here as well.

When applying rational basis review, the Court must determine whether there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). "Where there are 'plausible reasons' for [legislative] action, 'our inquiry is at an end.'" *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1154 (9th Cir. 2004) (alteration in original) (quoting *Beach Commc'ns, Inc.*, 508 U.S. at 313–14).

Subject to such review, the law survives. While the Ordinance singles out large retailers and grocery companies, it presents "plausible reasons" for the classifications. *Id*. Defendant justifies the scope of the Ordinance based on its findings that (1) top retail companies, including grocery businesses, have generated record-breaking profits during the pandemic, (2) grocery store employees were at a heightened risk of exposure to COVID-19, and (3) increasing compensation for grocery store employees during the COVID-19 emergency protects the general public by encouraging grocery workers to continue to work and provide the public with food. *See* Ordinance, Preamble. Defendant also notes that while smaller grocers may be more negatively impacted by the Ordinance, it does not have the resources to manage a waiver process that would allow those stores to opt out. *Id*.

Plaintiffs' allegations based on the Privileges and Immunities Clause[3] of the Washington Constitution, Wash. Const. art. I, § 12, fail for the same reason they did in *City of Seattle*. To evaluate Plaintiffs' state law claims, the Court applies the same inquiry as it did in *City of Seattle*, considering "(1) whether the law involves a privilege or immunity under the state constitution and, if so, (2) whether there is a reasonable ground for it." 2021 WL 1055994, slip op. at 6 (citing *Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc.*, 475 P.3d 164, 171 (Wash. 2020)). The "privileges" referred to in this analysis refer only to "fundamental rights of citizenship." *Ockletree v. Franciscan Health Sys.*, 317 P.3d 1009, 1015 (Wash. 2014). To establish reasonable grounds, the distinctions drawn "must rest on real and substantial differences bearing a natural, reasonable, and just relation to the subject matter of the act." *Id.* (internal quotation omitted).

In *City of Seattle*, the Court determined that even if the Washington Constitution's Contracts Clause constituted a "privilege or immunity" and it was implicated by the ordinance, the City of Seattle had a reasonable ground for the distinctions drawn in the ordinance. 2021 WL 1055994, slip op. at 7 (City of Seattle had "reasonable grounds" to apply ordinance only to large grocery stores, given the City's findings that large grocery businesses earned record profits during the COVID-19 pandemic and grocery store employees are at heightened risk of contracting COVID-19). Since the Defendant offers nearly identical justifications to those provided by the defendant in *City of Seattle*, the Court concludes that Defendant has reasonable grounds for the distinctions drawn in the Ordinance.

Accordingly, the Court holds that Defendant's classifications are rational, and, as a result, the Ordinance does not violate either the federal or state Equal Protection clauses. Plaintiffs fail to state a claim for which relief can be granted based upon an alleged Equal Protection violation.

---

[3] Sometimes referred to as the "Equal Protection Clause" to mirror its federal counterpart. *See Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc.*, 475 P.3d 164, 168 (Wash. 2020).

### 3. The Federal and State Contracts Clauses Do Not Invalidate the Ordinance

Finally, Plaintiffs contend that the Ordinance unconstitutionally impairs their contracts and, as a result, is invalid under the Contracts Clauses of the U.S. and Washington constitutions. (Dkt. No. 1 at 11.) The federal Contracts Clause provides that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const., art. I, § 10, cl. 1. To assess whether a law "crosses the constitutional line" the Court applies a two-step test considering (1) "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship," and (2) "[i]f the state regulation constitutes a substantial impairment, the State, in justification, must have a significant and legitimate public purpose behind the regulation." *City of Seattle*, 2021 WL 1055994, slip op. at 7 (quoting *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411 (1983) (internal quotations marks omitted)). "Once a legitimate public purpose has been identified, the next inquiry is whether the adjustment of the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." *U.S. Tr. Co. v. New Jersey*, 431 U.S. 1, 22 (1977). Unless the State is a contracting party, "[a]s is customary in reviewing economic and social regulation . . . courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Id.* at 22–23.

In *City of Seattle*, the Court found it could not properly assess whether the statute substantially impairs Plaintiff members' contracts since Plaintiffs did not identify specific contractual terms the ordinance might impair. *See* 2021 WL 1055994, slip op. at 8. Moreover, the Court found that even if the ordinance did substantially impair Plaintiffs' contracts, the law would still survive because the City of Seattle has a legitimate interest in protecting the health and safety of frontline workers. *Id*. at 15. In this case, Plaintiffs advance the same claim they made in *City of Seattle* but fail to explain why the Court should reach a different conclusion. (Dkt. No. 1 at 11.) Plaintiffs' complaint suffers from the same deficiencies as it did in *City of Seattle*: It fails to identify the contractual terms the Ordinance allegedly impairs. (*See generally*

Dkt. No. 1. at 12.) Even assuming, *arguendo*, that the Ordinance does "substantially impair" Plaintiffs' contracts, the law would still survive. Defendant has a legitimate interest in protecting the health of frontline workers and Defendant argues that the Ordinance accomplishes that by providing workers with a wage that allows them to obtain protective equipment and take sick leave if they need it. *See* Ordinance, Preamble. These are the sorts of "significant and legitimate" public purposes required to survive a Contracts Clause challenge, and the Court will follow the directive of the Supreme Court to "defer to legislative judgment as to the necessity and reasonableness of a particular measure" in cases where the state is not a contracting party. *U.S. Tr. Co.*, 431 U.S. at 22.

No independent inquiry is required for purposes of Washington's Contracts Clause, as it is "coextensive and . . . given the same effect" as the federal Contracts Clause. *Dep't of Lab. & Indus. of State v. Lyons Enters., Inc.*, 347 P.3d 464, 474 (Wash. App. 2015), *aff'd*, 374 P.3d 1097 (Wash. 2016).

Plaintiffs fail to state a claim based upon a Contracts Clause violation.

## III.  CONCLUSION

For the reasons described above, the Court GRANTS Defendant's motion to dismiss. (Dkt. No. 14.) Plaintiffs' complaint is DISMISSED with prejudice and without leave to amend, as any amendment would be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

DATED this 20th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE